# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAVON MARTEZ MOUZONE, | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. ELH-16-4023 |
| WARDEN FRANK BISHOP, JR., *et al.*, | * | |
| Respondents | * | |

\*\*\*\*\*

## **MEMORANDUM**

Tavon Martez Mouzone, who is self-represented, is an inmate confined at the North Branch Correctional Institution in Cumberland, Maryland. He filed a Petition for a Writ of Habeas Corpus ("Petition," ECF 1), seeking to attack his 2008 Maryland convictions for first degree felony murder, armed robbery, and related offenses. *Id.* He was sentenced to life imprisonment, with parole, for murder and he received concurrent sentences for other offenses.

In their response (ECF 4), respondents argue that the petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF 4. Mouzone argues that his claim is not time barred because he did not learn of habeas corpus until 2016, had never heard of AEDPA, and otherwise did not know about other remedies beyond those available in state court. ECF 6. He also indicates that his attorney did not advise him of AEDPA and other available remedies. *Id*. at 1-2.

After reviewing the submissions, I find no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §22-154(e)(2). For the reasons set forth herein, the Petition is DENIED and DISMISSED.

## I. Procedural History

In November of 2007, after a jury trial in the Circuit Court for Baltimore County, Mouzone and his co-defendant, Michael Banks, were convicted of first degree felony murder, conspiracy, and related offenses. ECF 4-1; ECF 4-2; ECF 4-3. Mouzone was sentenced on March 6, 2008, to life imprisonment, with parole. *Id.* He noted a timely appeal and on May 21, 2010, the Maryland Court of Special Appeals of Maryland affirmed Mouzone's conviction. ECF 4-3 at 2-14. The court's Mandate issued on June 21, 2010. *Id.* at 1. Mouzone's judgment of conviction became final for direct appeal purposes on July 6, 2010. *See* Md. Rule 8-302 (requiring petition for writ of certiorari to be filed no later than 15 days after the Court of Special Appeals issues its mandate). Mouzone did not file a petition for writ of certiorari to the Maryland Court of Appeals. ECF 4-1 at 3.

Mouzone filed a counselled motion for modification or reduction of sentence on June 3, 2008, which was denied on July 9, 2008. ECF 4-1 at 5; ECF 4-2 at 14. He filed a pro se motion for modification on August 6, 2010, which was denied on August 23, 2010. ECF 4-1 at 5; ECF 4-2 at 14.

On November 4, 2011, Mouzone filed an application for post-conviction relief in the circuit court. ECF 4-2 at 14. On October 17, 2014, the circuit court denied Mouzone post-conviction relief. *Id.* Mouzone's application for leave to appeal the denial of post-conviction relief was denied by the Maryland Court of Special Appeals on November 5, 2015. ECF 4-4 at 1. The court's mandate issued on December 9, 2015. *Id.* at 3.

Mouzone filed the instant petition on December 10, 2016.[1] ECF 1. He alleges that his trial counsel was ineffective in: (1) failing to properly litigate the motions to suppress; (2) failing to properly conduct pretrial investigations; (3) allowing Mouzone to become a witness against himself; (4) failing to argue with specificity for a judgment of acquittal; (5) failing to raise the issue of the inconsistency of the verdicts in a motion for new trial; (6) failing to move to set aside the felony murder conviction; and (7) that the cumulative effect of trial counsel's errors deprived him of a fair trial. *Id*. at 4, 7, 9, 11, 12, 14.

On January 20, 2017, pursuant to the court's Order, respondents filed a limited answer, arguing that the petition is time-barred and should be dismissed on that basis. ECF 4. The court issued an Order on February 1, 2017, granting Mouzone twenty-eight days from that date to file a response addressing the timeliness issue. ECF 5. Mouzone's response was received on February 14, 2017. ECF 6.

## II. Discussion

The threshold issue in this case is the timeliness of the Petition. Only if the Petition is timely may the court reach the merits of Mouzone's claims.

A one-year statute of limitations applies to habeas petitions in cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The Petition was received on December 16, 2016, but is dated December 10, 2016, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Respondents argue that the petition is time-barred and should be dismissed. ECF 4. As noted above, Mouzone's convictions became final on July 6, 2010, and the statute of limitations began to run on July 7, 2010. *See* 28 U.S.C. § 2244(d)(1). Assuming, without deciding, that each of the motions for reduction or modification of sentence filed by Mouzone in the state court after his convictions became final served to toll the limitations period (*see* 28 U.S.C. § 2244(d)(2)), his state court motions were finally denied on August 23, 2010. Mouzone did not institute state post-conviction proceedings until over one year later, on November 4, 2011. Based on the dockets (ECF 4-1; ECF 4-2), Mouzone had no proceedings pending during that time period which would have served to toll the federal limitations period and, as such, his time to file this case expired before he even instituted his state post-conviction proceedings.

4

Moreover, after conclusion of his state post-conviction proceedings on December 9, 2015, Mouzone waited until December 10, 2016, to file the instant case.

Mouzone's arguments in favor of equitable tolling are simply that he was unaware of the statute of limitation to bring his claim here and that his attorney never advised him of same. ECF 6. The Court of Appeals for the Fourth Circuit has consistently held that a party seeking to avail himself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling, a habeas petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted); *see also Harris*, 209 F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Ignorance of the law does not constitute grounds for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"). Moreover, Mouzone's lack of knowledge cannot be considered "extraordinary" or something "external" to him. *See id.* ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."); *see also Rouse*, 339 F.3d at 246*; Harris*, 209 F.3d at 330.

The court concludes that Mouzone is not entitled to equitable tolling. Accordingly, the petition is time-barred and is DENIED and DISMISSED.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, __ U.S. __, __, 137 S. Ct. 759, 777 (2017) (quoting *Slack*, 529 U.S. at 484).

Because Mouzone has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.[2] A separate Order follows.

Date: April 30, 2018

/s/
Ellen L. Hollander
United States District Judge

---

[2] Denial of a COA by the District Court does not preclude a petitioner from seeking a Certificate of Appealability from the appellate court.